**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CASE NO.  4:10CR00323-01 SWW |
| | * | |
| CASEY HARTLEY | * | |

## ORDER

On March 4, 2021, the Court held a hearing on the United States'
superseding motion [ECF No. 98] to revoke the supervised release previously
granted Defendant.  Defendant had consented in writing to participate in the
hearing via video teleconference and was present at the hearing by video.  Also
present was Defendant's attorney, Lawrence Anthony Walker, and Assistant
United States Attorney Stephanie Gosnell Mazzanti for the Government.  Based on
the statements on the record, the Court found that Defendant has violated the
conditions of his supervised release without just cause.

IT IS THEREFORE ORDERED AND ADJUDGED that the Government's
motion to revoke supervised release [ECF No. 98] is ***GRANTED***, and the
supervised release previously granted Defendant is ***REVOKED.***  The
Government's superseding motion [ECF No. 98] replaces the original motion to
revoke [ECF 91], which is therefore moot.

IT IS FURTHER ORDERED that Defendant shall serve a **term of imprisonment of EIGHT (8) MONTHS** in the custody of the Bureau of Prisons, **to run concurrent with the state sentence that Defendant is now serving.** The Court recommends that Defendant be incarcerated in Forrest City, Arkansas or Texarkana, Texas, so that he may be close to his family in Arkansas, and further recommends that Defendant participate in substance abuse treatment during his incarceration.

There will be **ONE (1) YEAR supervised release** following the term of incarceration. All general and standard conditions of supervised release previously imposed remain in full force and effect. In addition, Defendant will be subject to the following special conditions of supervised release:

1. Defendant must participate in a substance abuse treatment program under the guidance and supervision of the probation office. The program may include drug and alcohol testing, outpatient counseling, and residential treatment. Defendant must abstain from the use of alcohol during treatment. Defendant must pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. If Defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

2. Defendant must actively participate in and cooperate with a regimen of mental health care and psychiatric aftercare as directed by the mental health provider and the U.S. Probation Office. This is to include his voluntary admission on an inpatient basis for stabilization should it be deemed necessary. Defendant must follow all the rules, regulations, and instructions of the treatment staff and comply with the treatment regimen recommended. Defendant must submit to

injectable medications, if possible, or continue the prescribed oral medications, as prescribed by the psychiatrist.

The defendant is remanded to the custody of the United States Marshals

Service.

IT IS SO ORDERED THIS 9TH DAY OF MARCH, 2021.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE